JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-2074 JGB (ACCVx)** | Date | July 14, 2026 |
| Title | ***Jose Lozano Loza v. Neovia Logistics Distribution, LP, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 12); and (2) VACATING the July 20, 2026, Hearing (IN CHAMBERS)**

Before the Court is a motion for remand filed by plaintiff Joze Lozano Loza. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the hearing set for July 20, 2026.

## I. BACKGROUND

On February 6, 2026, plaintiff Jose Lozano Lazo ("Plaintiff") filed a complaint in the Superior Court of California, County of Riverside, against defendants Neovia Logistics Distribution, LP; Neovia Logistics Services, LLC (collectively, "Corporate Defendants"); Brian Doe, an individual; Matt Doe, an individual (collectively, "Individual Defendants"); and Does 1–100. ("Complaint," Dkt. No. 1-2).

The Complaint asserts twelve causes of action: (1) disability discrimination in violation of Cal. Gov. Code § 12940; (2) disability harassment in violation of Cal. Gov. Code §§ 12940(j) and (k); (3) failure to accommodate in violation of Cal. Gov. Code § 12940(m); (4) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (5) retaliation in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(h); (6) failure to prevent, investigate, and/or remedy unlawful harassment, discrimination, and retaliation in violation of Cal. Gov. Code §§ 12940(j) and (k); (7) retaliatory termination in violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2(k); (8) interference with

CFRA rights and denial of Plaintiff's request for CFRA family care leave, Cal. Gov. Code § 12945.2(a); (9) violation of Cal. Lab. Code §§ 6402, 6404, and 6405; (10) retaliation in violation of public policy and California Labor Code § 1102.5; (11) unfair business practices in violation of California Business and Professions Code ("BPC") § 17200; and (12) declaratory relief. (Compl. ¶¶ 21-132)

On April 23, 2026, Defendants removed the action to this Court. ("Notice of Removal," Dkt. No. 1.) On May 27, 2026, Plaintiff filed the instant Motion. (Mot.) Defendants opposed the Motion on June 15, 2026. ("Opposition," Dkt. No. 16.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may therefore remove civil actions over which the federal courts have original jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016).

Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability must be resolved in favor of remanding the case to state court. Matheson, 319 F.3d at 1090.

## III. DISCUSSION

### A. Local Rule 7-3

Defendants argue that the Motion should be denied because Plaintiff failed to comply with the meet-and-confer requirements of Local Rule 7-3. (Opp. at 3.) However, Defendants do not demonstrate that they have suffered any prejudice because of Plaintiff's failure to comply. (Id.) Accordingly, the Court declines to deny the Motion on that basis.

The Court nevertheless reminds Plaintiff of his obligation to review and comply with the Local Rules. Future failures to comply with the Local Rules may result in the denial of a motion and the imposition of sanctions.

### B. Diversity

#### 1. Citizenship of Corporate Defendants

Plaintiff argues that Defendants failed to establish complete diversity because the Corporate Defendants are likely California citizens. (Mot. at 18-29.) Defendants respond that Corporate Defendants are not citizens of California by virtue of their corporate structures as a limited partnership ("LP") and limited liability company ("LLC"). (Opp. at 9-10.)

The citizenship of LLCs and LPs is determined by the state citizenship of their members and owners, not by applying the corporate "nerve center" test applicable to corporations. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). As the Ninth Circuit explained, "[t]his treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations." Id. (citing Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990). Accordingly, citizenship of LLC's and LP's is not determined by their "authoriz[ation] to operate by the State of California" or by virtue of their "operat[ing] a substantial facility in California," as Plaintiff suggests. (Mot. at 18.)

The Declaration of Nancy Sarmiento, filed concurrently with the Notice of Removal, establishes that none of Defendants' members or partners is a citizen of California. ("Sarmiento Decl.," Dkt. No. 1-11, ¶¶ 3-5.) Rather, the Defendants's respective members and owners are citizens of Texas. (Id.)

Therefore, the Court agrees with Defendants that the Corporate Defendants are not citizens of California and are diverse from Plaintiff for purposes of removal. (Opp. at 9-10.)

//
//
//
//

### 2. Citizenship of Individual Defendants

Plaintiff additionally contends that the Individual Defendants, Brian Doe and Matt Doe, are citizens of California and defeat diversity jurisdiction for purposes of removal. (Mot. at 19-21.) Plaintiff alleges that these Individual Defendants were Plaintiff's former managers. (Compl. ¶¶ 8-9, 17-18.) Plaintiff is not aware of their last names. (Id. ¶¶ 8-9, 17-18.)

The Corporate Defendants, on the other hand, contend that 28 U.S.C. § 1441(b)(1) requires that the Court disregard the citizenship of the Individual Defendants because they are fictitious names. (Opp. at 10-11.) 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Notwithstanding the clear language of the statute, district courts in the Ninth Circuit disagree whether Doe pleading is allowed in federal court under state substantive law. Gardiner Family, LLC v. Crimson Res. Mgmt. Corp., 147 F. Supp. 3d 1029, 1032 (E.D. Cal. 2015). Judge Lawrence J. O'Neill navigates the interplay of two Ninth Circuit decisions, a subsequent amendment to 28 U.S.C. § 1441(b)(1), the Ninth Circuit's concomitant vacatur of a third decision, and the Erie doctrine to conclude, in line with the "weight of case law," that the "use of fictional defendants does not destroy diversity and does not divest the district court of jurisdiction." Id. at 1034-35. Instead, courts should ask "whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." Id. at 1036. The Court now applies this rule here. See also Barnes v. Costco Wholesale Corp., 2019 WL 6608735, at *2 (C.D. Cal. Dec. 4, 2019) (collecting cases of district courts in the Ninth Circuit applying the rule in Gardiner Family, LLC).

Here, Plaintiff alleges that Brian Doe and Matt Doe were individuals residing in Riverside County. (Compl. ¶¶ 8-9.) Brian Doe was a supervisor for Defendants and Matt Doe was a manager for Defendants. (Id.) Plaintiff further alleges that all his claims arose here in Riverside County. (Id. ¶ 1.) Plaintiff has alleged sufficient facts regarding the Individual Defendants' supervisory roles within the company and their alleged involvement in the labor violations at issue for this Court to consider their citizenship. (Compl. ¶¶ 17-18.) Because the Court finds this information sufficient under the Gardiner Family test and "because the Court has a policy interest in discouraging Defendants from refusing to disclose information relating to a fictitious defendant for the purposes of garnering the benefit of federal jurisdiction," the Court finds that Plaintiff has sufficiently alleged the citizenship of the Individual Defendants in California. Sandoval v. Republic Servs., Inc., No. 2:18–CV–01224–ODW(KSX), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018).

Finally, the Corporate Defendants summarily argue that "[p]laintiff cannot maintain viable claims against these individual defendants. Even if these defendants' citizenship were considered, they are sham defendants because there is no possibility of recovery against them." (Opp. at 11.) In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by &

through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Id. (citing Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory." Id. (internal quotation omitted). "But 'if there is a ***possibility*** that a state court would find that the complaint states a cause of action' against a resident defendant, then the federal court 'must find that the joinder was proper and remand the case to the state court.'" Id. (citing Hunter, 582 F.3d at 1046).

Here, Defendants offer no argument that Plaintiff cannot state or prevail on any claim against the Individual Defendants. Instead, they merely assert, in conclusory fashion, that "there is no possibility of recovery against them." (Opp. at 11.) Such a bare assertion falls well short of the Defendants' burden to establish fraudulent joinder.

Because there is no diversity between Plaintiff and the Individual Defendants, the Court need not address the reasonableness of Defendants' amount in controversy calculations. Accordingly, the Court **GRANTS** Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the case to the Superior Court of California, County of Riverside. The July 20, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**